Woodbury, J.
In the case of Peter Fulwiler v. John Infield’s Guardian, we have the petition in error to the common pleas of this county, in which court Fulwiler commenced an action against Infield’s Guardian to recover the amount claimed to be due upon a promissory note dated on the 23d day of May, 1876, for the sum of one hundred and ten dollars, ($110.00), and signed by John Infield — his mark — and Peter Fulwiler.
Plaintiff alleges in his petition that he had become the owner, alleging particularly the way and manner in which he had become the owner of this promissory note, and that there was due to him upon the promissory note the sum of one hundred and ten dollars ($110.00), with interest upon it from its date.
There were two other causes of action in his petition which, before the trial, were dismissed by the plaintiff Fulwiler, so that the action proceeded to trial upon this promissory note.
The Guardian answered, admitting the making and execution of the promissory note by his ward, but alléging that it was a joint and several note of his ward and the plaintiff; and that the plaintiff, instead of being the purchaser of the note, was in fact the payor of the note, and that his ward was only liable for one-half of the amount due upon said note.
The Guardian set up further, as 'a defense, that all of the money of the ward’s in his hands was pension money, re *37 ■ceived by him from the government of the-United States; that he held no other monies in his hands save and except money received as pension.
Upon the trial of the case it was submitted to the court without a jury. The court found in favor of the plaintiff Fulwiler for the full amount due upon this note; and then found, as the Guardian had alleged in his answer, that all of the money then in the guardian’s hands or possessed by his ward, was pension money received from the government ofthe United’ States; and found also that as to such money it was exempt from execution under section 4747 of the Revised Statutes of the United States. There was a finding of facts which is set ■out in the journal entry and the bill of exceptions taken, which calls upon us to review the question of error of the court below upon that question.
Counsel have produced to us all of the authorities upon either side bearing upon the question as to whether or not pension money, received by a pensioner, is exempt from execution and appropriation for the payment of his debts after the same is received by him. The respective provision of the statutes of the United States reads:
“ No sum of money due or to become due to any pensioner shall be liable to attachment, levy or seizure, by or under any legal or equitable process whatever, whether the same remains with the pension office or any officer or agent thereof, or is in course ■or transmission to the pensioner, but shall inure wholly to the benefit of such pensioner entitled thereto.” Now it is claimed by the plaintiff in error, that after this money came into the hands of the guardian, it was then liable for the payment of this pensioner’s debts, while it is claimed on the jiart ofthe defendant in error that it is not so liable, but is exempt under the provisions of this act of congress. We have spent considerable time in the examination of the authorities upon this question, for the reason that .we found that there was some conflict in.the holding of the different ■ states, with a view of determining where the weight of authority lay upon this question. The *38 statute, it will be noticed, describes the moneys that are to be exempt. It is “ moneys due or to become due ” that it provides shall be exempt; and it specifies in its terms, the time that it shall remain exempt, unless a different construction is to be placed on it by reason of the last clause of the section. It is provided there that such money shall be exempt from “ seizure,” and so forth, “ whether the same remains with the pension office, or any agent thereof, or is in the course of transmission to the pensioner entitled thereto.” Now, up to this point the statute seems to be very definite as to the time it should remain exempt — while it. remains in the pension office; while it remains in the hands of the officer of the government, and while it is in the course of transmission from the government to the pensioner. And there it stops, and if it were not for the following provision of the statute, there could be no question that after it was received by the pensioner it would be liable for seizure under the laws of the state — unless there should be some provision in the state law exempting it from execution. Now, the provision following is: “ But shall inure wholly to the benefit of such pensioner.” In the states where it has been held that under this section such money was exempt after it came into the possession of the pensioner, force and effect has been given to this provision of this section. Especially in the state of Wisconsin, in the case to be found in the 51st of Wisconsin, on page 85, the court places great stress upon this provision of the statute, and while they admit that the weight of authority seems to be the other way, yet at the same time they say that.in the states where it has been held otherwise, or in other words, where it has been held that such money is not exempt, there' the courts give a strict construction to exemption laws, while the courts of Wisconsin, and of one or two other states which are mentioned, give liberal construction to exemption laws; therefore they hold that it is exempt.
.1 do not mean to take up the time to read tlie different authorities cited to us as holding the same doctrine that is *39 held in Wisconsin — the case in the 9th of Bush, Kentucky ; ■ and also the case of the 50th of Vermont, on page 612, as well as the case in Wisconsin, and the case decided by the circuit court of the United States in Missouri.
Now, as holding the contrary doctrine, that after the money has been received by the pensioner it is liable to execution - for the payment of his debts, I find that in the 70th Vermont Reports, page 364, the Supreme Court of that state holds ■ that such money is liable for the payment of debts, and in that case they refer to the case in the 50th of Vermont,, where they say that the judge in deciding the case incidentally remarked that such money would be exempt from execution,, but that it was not necessary for the decision of that case,, though, in effect, the 60th of Vermont overruled the case in the- 50th. And in the same connection, I may now say that I find on examiuation, that the case cited from the 9th Bush is overruled by the Supreme Court of Kentucky in the 87th of Kentucky, on page 60. So that the Vermont case, and the Kentucky case cited to sustain the claim of exemption, have both been overruled by the highest courts of their states. I find, on examination, that the Supreme Court of Maine, in the 77th of Maine, on pages 25 and 59, held that the pension,, after being received by the pensioner, is liable for the payment of his debts. 27th of Kansas, 319, holds the same doctrine. In 108 Indiana, page 495, the two cases before that time decided by the Supreme Court of Iowa, and found' in the 57th of Iowa, page 712, and 58th of Iowa, page 135, are affirmed; and I find further that after the decisions of the-Supreme Court of Iowa recorded in the 57th and 58th of Iowa, the legislature of that state passed a law which exempted pension moneys from the payment of debts, and the-decision which, I have quoted from in the 69th of Iowa, although they speak of the two prior cases and adhere to that decision, yet they say that the two decisions in the 57th am 58th of Iowa were decided before the passage of the state law of that state exempting pension money from execution. Mas— *40 sachusetts in 12th Allen, on page 530, and again in 126 Massachusetts, 117, held that such-money is liable to execution. New Jersey, in the 44th of New Jersey, on page 376,. .holds the same doctrine. The .state of Pennsylvania, in the 116th Pennsylvania State, on page 1346, holds the same way .and the same doctrine has been held by the Supreme Court of the state of New York, in the 36th of Hun, page 584. And I find on examination that in the state of New York the legislature has also passed a statute like the Iowa statute, •exempting pension money from execution. So that there are ten states of the Union where the Supreme Court, or the highest court in the state, (save in the state of New York, .and perhaps they have in that state in an earlier case which I do not care to consider, I believe it is in the 48th of New York Reports), has held that pension money, after it is received by the pensioner, is liable so far as the United States statute is concerned. And as against this there now stands ■one state, to-wit: Wisconsin, holding the contrary doctrine, and perhaps Missouri. So that it will be seen that while we have the state of Massachusetts, the states of Maine, New ■ Jersey, Pennsylvania, Indiana, Kansas, Vermont, and New York, holding one way, we have the Supreme Court of Wisconsin holding the other way.
Now, upon this proposition it would seem there could be no question as to where the weight of authority laid, and the cnstruction which those courts place upon it seems to be reasonable. We think it is the true construction, and that the ■ court below erred in holding that in Ohio the pension money under that section 4747 of the Revised Statutes of the United States, was exempt. We find therefore that there was error committed by the court below in holding this money exempt in the hands of the guardian. Proceeding, then to ■ render judgment which the court of common pleas should have rendered, we find this money is liable in the hands of the guardian, and the entry should be that the judgment obtained below-.should be paid out of the money in the hands of the guardian.
Ensign N. Brown, for plaintiff in error.
James P. Wilson, for defendant in error.
We will modify the judgment still further. There is another question which I mentioned in the fore part of the case. The judgment below is rendered against the ward. The judgment, we think, should be rendered against the guardian, to be paid out of any money in his haods belonging to his ward. An entry may be drawn up to that effect.